Norman EVAN, Plaintiff,

v.

EMPLOYERS MUTUAL LIABILITY IN-
SURANCE COMPANY OF WIS-
CONSIN, Defendant.

Civ. No. N74-5.

United States District Court,
D. Alaska.

April 16, 1975.

William G. Azar, Kennelly & Azar,
Anchorage, Alaska, for plaintiff.

Russellyn S. Carruth, Burr, Pease & Kurtz, Anchorage, Alaska, for defendant.

## MEMORANDUM AND ORDER

VON DER HEYDT, Chief Judge.

This cause comes before the court upon cross motions for partial summary judgment. The cause is a diversity action which was removed to this court pursuant to 28 U.S.C. § 1441. The court has taken judicial notice of the record in Norman Evan v. City of Nome et al., No. 73-41, in the Superior Court for the State of Alaska, Second Judicial District.

The principal issues presently are:

(1) Did Employers Mutual breach its duty to defend its named insured, the City of Nome?

(2) Is Dave Scott an insured under the combination casualty policy, #2323-00-025783, issued by Employers Mutual?

(3) Are Ed Ward and Allen Smith insureds under the aforementioned policy?

(4) Do the confessions of judgment entered by Dave Scott and the City of Nome in conformity with the stipulation contained in Norman Evan v. City of Nome et al., and the final judgments entered thereon, prevent Employers Mutual from litigating the facts underlying such judgments as they relate to coverage, liability and quantum?

■ Since this is a diversity action the court must apply the law of Alaska as interpreted by the Alaska Supreme Court. The court has found six Alaska decisions that here are applicable, i. e., Continental Insurance Co. v. United States Fidelity and Guaranty Co., 528 P.2d 430 (Alaska 1974), United States Fire Insurance Co. v. Schnabel, 504 P.2d 847 (Alaska 1972); Continental Insurance Company v. Bussell, 498 P.2d 706 (Alaska 1972); National Indemnity Company v. Flesher, 469 P.2d 360 (Alaska 1970); Marwell Construction, Inc. v. Underwriters at Lloyd's, London, 465 P.

2d 298 (Alaska 1970); and Theodore v. Zurich General Accident & Liability Insurance Company, 364 P.2d 51 (Alaska 1961). *See also,* Hogan v. Midland National Insurance Company, 3 Cal.3d 553, 91 Cal.Rptr. 153, 476 P.2d 825 (1970); Gray v. Zurich Insurance Company, 65 Cal.2d 263, 54 Cal.Rptr. 104, 419 P.2d 168 (1966); 27 A.L.R.3d 350; 50 A.L. R.2d 458; 49 A.L.R.2d 694; 41 A.L.R.2d 434.

■■ Turning to the first issue, the court finds that no genuine issue of material fact exists and that Employers Mutual breached its duty to defend the City of Nome as a matter of law. Under the aforementioned precedent it is clear that the insurer has a duty to defend its insured whenever the complaint filed against the insured contains allegations that fall within the coverage afforded by the policy. Since Count II of Norman Evan v. City of Nome et al., set forth a cause of action based upon negligence, Employers Mutual had a duty to defend that action upon its tender of defense. It is clear that Employers Mutual breached that duty, and the court so finds.

■■ Turning to the second issue, the court finds that there are genuine issues of fact which preclude a resolution of the question of the status of Dave Scott as an insured. To be an insured under the policy Scott must have been an executive officer of the City of Nome. Whether Scott was an executive officer depends not only on his status as a police chief but also upon the nature and extent of his authority. This is a factual question which has yet to be developed to the satisfaction of the court. Further, assuming that Scott was an executive officer of the City and hence an insured, a factual issue remains as to whether the insurer knew or should have known of the true facts that created a duty on the part of Employers Mutual to defend Scott. That is, since the complaint in Norman Evan v. City of Nome et al. did not allege that Scott was police chief, and therefore possibly an omnibus insured, no duty existed on the part of

Employers Mutual to defend Scott unless the facts known to it, or reasonably ascertainable by it, tended to show that Scott was police chief and therefore arguably an insured. *See,* National Indemnity Company v. Flesher, *supra,* 469 P.2d at 367; and Continental Insurance Company v. United States Fidelity and Guaranty Co., *supra,* 528 P.2d at 435. A review of this latter case makes it clear that Employers Mutual could have breached its duty to defend Scott in the event this court ultimately finds that Scott was not an insured under the policy for coverage purposes.

■ Turning to the third issue the court finds, as a matter of law, that Ed Ward and Allen Smith were not insured under the policy, that they could have had no reasonable expectation to be insureds, and that Employers Mutual had no duty to provide them a defense since they were not even arguably insureds.

The fourth issue in this case is troublesome both legally and ethically. The record of this case and that of its predecessor, Norman Evan v. City of Nome et al., reveal the potential for collusive conduct in derogation of the rights of the liability insurer. No intimation is intended, since the information presently before the court is limited, that any impropriety actually here occurred. Apparent good faith has been shown by the litigants. However, plaintiff maintains that the court must give conclusive effect to the judgments entered in the predecessor to this action. The court declines to do so since that conclusion involves the court in the appearance of impropriety.

Plaintiff's answers to defendant's interrogatories dated August 14, 1974, reveal that the facts underlying Evan's claim strongly support that which only can be characterized as an intentional tort. Nevertheless, for reasons unknown, the defendants in the earlier action stipulated to confess judgment in the amount of $20,000.00 on the basis of negligence. That stipulation contained the usual assignment of rights and an agreement never to attempt to execute against the defendants if they cooperated with plaintiff in his action against the present defendant. Plaintiff now maintains that those settlement negotiations, made in such a heated adversary context, conclusively established the liability of the earlier defendants on a negligence theory and that such is binding on the present defendant who was not a party to the earlier action. Further, plaintiff contends that the reasonableness of quantum is beyond attack. The court finds plaintiff's assertions to be without merit on the facts.

■ If the earlier action had actually been litigated plaintiff would be correct in his contentions as to all issues necessarily determined in the primary action. Continental Insurance Company v. United States Fidelity & Guaranty Co., *supra,* 528 P.2d at 435 n. 16; *accord,* Hogan v. Midland National Insurance Company, *supra,* 3 Cal.3d at 564, 91 Cal. Rptr. at 160, 476 P.2d at 832 (*explaining* and *limiting,* Gray v. Zurich Insurance Company, *supra.*) Likewise, plaintiff would be correct in his arguments if the confessions of judgment had been entered in a factual context where no conflict of interest existed between the insureds and insurer. Theodore v. Zurich General Accident & Liability Insurance Co., *supra,* 364 P.2d at 54–56. However, the court notes that the rule established in *Zurich* was somewhat limited in Marwell Construction, Inc. v. Underwriters at Lloyd's, London, *supra,* 465 P.2d at 306–08, and that a closely related question remains to be resolved. United States Fire Insurance Co. v. Schnabel, *supra,* 504 P.2d at 852 n. 17. However, on the facts of the instant case, in which the primary action was never litigated and, without question, a conflict of interest was present between the insureds and the insurer, the court finds that Employers Mutual is entitled to litigate, insofar as concerns its liability to the City of Nome and possibly to Dave Scott, the question of the liability of the primary defendants, the basis of any liability, and the amount of damages.

From the foregoing it is clear that the court finds the only damages to which the City of Nome is entitled as a matter of law are those incurred in the defense of Norman Evan v. City of Nome et al. Since these have yet to be established by affidavit or otherwise, it is improper for this court to grant summary judgment as to the amount at this time.

Finally, the court notes that punitive damages were requested in the complaint herein filed. Although, the court has held that the confession of judgment in the primary action is not binding on the present defendant, it may well be that the insurer is liable for punitive damages for a wilful failure to defend its insured. However, since the parties have neither addressed this issue nor cited appropriate authority, the court will not consider that issue at the present time.

Accordingly, it is ordered:

That plaintiff's motion for partial summary judgment and defendant's motion for partial summary judgment are granted in part and denied in part in conformity with this memorandum, and counsel for the parties forthwith may present a stipulated form of judgment for the Court's signature.